**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:26-cv-02590-E** |
| **KLLM TRANSPORT SERVICES LLC and KLLM DRIVING ACADEMY, INC.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO BE EXCUSED FROM LOCAL COUNSEL REQUIREMENT**

Defendants KLLM Transport Services LLC and KLLM Driving Academy, Inc. ("Defendants") respectfully move for leave to proceed without designated local counsel pursuant to Local Civil Rule 83.10(a). In support, Defendants state as follows:

**INTRODUCTION**

1. Defendants are represented in this action by Amy E. Davis, a member in good standing of the State Bar of Texas and the bar of this Court.

2. Ms. Davis resides and maintains her principal office in San Juan, Puerto Rico. Accordingly, Local Civil Rule 83.10(a) ordinarily requires Defendants to designate local counsel residing or maintaining a principal office within this District and within fifty miles of the Dallas Division courthouse.

3. Local Civil Rule 83.10(a), however, expressly permits an attorney to obtain leave from the presiding judge to proceed without local counsel.

4. Good cause exists to grant that relief here. Ms. Davis practiced law in Texas for approximately twenty-five years before relocating to Puerto Rico in January 2024. During that time, she maintained her practice in the Dallas area and regularly represented clients in Texas state and federal courts, including this Court. Ms. Davis has continued to represent clients in Texas state

and federal courts, including this Court even after relocating out of the state.

5. Ms. Davis also personally represented Defendants in prior federal, state and administrative actions.

6. Through that representation, Ms. Davis is familiar with Defendants, Defendants' respective businesses and personnel.

7. Requiring Defendants to retain separate local counsel for this action would impose additional expense without materially advancing the purposes of Local Rule 83.10. Ms. Davis is admitted to practice before this Court, is familiar with its Local Rules and procedures, possesses extensive experience litigating in this District, and is prepared to appear personally for any hearing, conference, or trial the Court may require.

8. Defendants therefore respectfully request leave to proceed through Ms. Davis without the designation of separate local counsel.

## ARGUMENT AND AUTHORITIES

### A. Local Civil Rule 83.10(a) Authorizes the Court to Permit an Attorney to Proceed Without Local Counsel.

Local Civil Rule 83.10(a) provides:

> Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the request for leave is

> denied, written designation of local counsel must be filed within 14 days of the denial.

N.D. Tex. L. Civ. R. 83.10(a). The Rule therefore expressly commits the decision whether to excuse the local-counsel requirement to the discretion of the presiding judge.

**B. Good Cause Exists to Permit Defendants to Proceed Without Separate Local Counsel**

The purposes served by the local-counsel requirement are fully satisfied here. Ms. Davis has been licensed to practice law in Texas since November 1998 and is a member in good standing of the bar of this Court. Before relocating to Puerto Rico, she practiced in Texas for approximately twenty-five years, with substantial experience in the Northern District of Texas.

Ms. Davis is familiar with this Court's Local Rules, filing procedures, and expectations of counsel. She is also prepared and authorized to present Defendants' position at any hearing or trial and to perform every obligation that otherwise would be required of designated local counsel under Rule 83.10(b). She remains a member of the Dallas Bar Association and, in that way, remains an active member of the local bar.

More importantly, Ms. Davis possesses extensive familiarity with Defendants that separate local counsel could not meaningfully duplicate. She has represented Defendants in prior federal, state, and administrative actions and is familiar with factual and legal issues likely to arise in this action.

Under these circumstances, permitting Defendants to proceed without separately designated local counsel is consistent with the language and purposes of Local Civil Rule 83.10.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that the Court grant this Motion and permit Defendants to proceed through its counsel of record, Amy E. Davis, without designating separate local counsel pursuant to Local Civil Rule 83.10(a). Defendants further request such other and further relief to which they may be justly entitled.

DATED: September 4, 2026

Respectfully submitted,

Amy E. Davis
State Bar No. 24007083

Law Center Of Amy E. Davis PR, LLC
151 Calle de San Francisco
Ste. 200, PMB 1263
San Juan, PR 00901
214-838-3501
adavis@cdfirm.com

***ATTORNEYS FOR DEFENDANTS***
***KLLM TRANSPORT SERVICES LLC AND***
***KLLM DRIVING ACADEMY, INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on this, the 4th day of September, 2026, she served on all counsel of record the foregoing document by ECF filing.

*/s/ Amy E. Davis*
Amy E. Davis